

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 21, 1962

Hon. Monroe M. Clayton, Jr.  Opinion No. WW-1333
County Attorney
Terry County  Re: Construction of Article
Brownfield, Texas      286a, Vernon's Penal Code,
                       in reference to (1) its
                       application to two stores
                       owned by the same person,
                       (2) the definition of
                       "hardware" to include guns
                       and ammunition, and (3)
                       the definition of "conse-
                       cutive" to mean Sunday
                       immediately following
Dear Mr. Clayton:      Saturday.

You recently requested an opinion of this office con-
cerning the legality of the operation of certain businesses
relative to the sale on Sunday of articles specified in
Article 286a, Vernon's Penal Code. We will consider them
one at a time. The first situation is as follows:

"Facts: S & P Motor Supply Co. and
Brownfield Surplus Store are operating
in the same city under the same owner-
ship. S & P stocks and sells power
tools and mirrors which are included in
Article 286a. S & P is open 6 days a
week and closed on Sunday.

"Brownfield Surplus stocks and sells
numerous items included in Article 286a,
and is open 6 days a week and closed on
Saturday.

"Questions: Is the definition of 'chain
stores' such as to include both these
businesses so that each must close on the
same day?"

This office has already answered this question. We
refer you to Opinion No. WW-1190, a copy of which is enclosed
herewith, where we held that the statute did cover such a
situation.

The second question is as follows:

"**Facts**:  The Frontier Gun Shop stocks and sells guns, ammunition, radios, luggage, clocks and watches, and is open seven (7) days per week, and is open two consecutive days of Saturday and Sunday, however, does not offer to sell or actually sell radios, luggage, clocks or watches in violation of Article 286a.

"**Question**:  Are guns and ammunition included in the definition of 'hardware' so as to be included in the provisions of Article 286a, Penal Code?"

The general rule is that in construing statutes words should be given a definition according to their established meaning.  The term "hardware" should therefore be held to include those items which according to established custom and usage are included within the meaning of the term.  See Article 10, Vernon's Civil Statutes, Article 8, Vernon's Penal Code, and Article 48, Vernon's Code of Criminal Procedure, 39 Tex. Jur. 197, Section 105.  We have been unable to find any cases where the term "hardware" has been defined. The Third Edition of the Merriam-Webster New International Dictionary of the English Language, unabridged, published in 1961, defines harware as follows:

"1:  ware (as fittings, trimmings, cutlery, tools, parts of machines and appliances, metal building equipment, utensils) made of metal;

"2a:  firearms (while the men spoke politely most of them wore /¯hardware¯/. American Guide Series:  Arizona) (riding up with plenty of /¯hardware¯/ in sight. S. B. Gibson)

"2b:  metal items of military equipment for combat use (as ships, guns, tanks, airplaines and their parts) and major support items (as trucks, jeeps, radar)"

The Encyclopedia Americana, 1961 Edition, Volume 13, p.700, defines hardware as follows:

"Hardware, generic term which now includes in its technical and commercial significance a great variety of articles made of copper, aluminum, brass, bronze, iron or steel. These articles of the very nature defy classifications since they comprise tools used by a variety of tradesmen such as carpenters, machinists, locksmiths, gunsmiths, and etc., and also the materials and fittings used by them. There exists, however, the general classification of builder's, carpenter's, and housekeeper's hardware. In the early days of the industry the term was much more restricted than at present, and included a little more than a few fittings required in house construction, such as hinges, latches, and etc. It now includes such articles as refrigerators, ice cream freezers and other kitchen utensils also sporting goods, such as guns, rifles, pistols, athletic supplies and cutlery . . . ."

It is therefore apparent and we hold that the term "hardware" in Article 286a includes guns and ammunition.

Lastly you asked the following question:

"Does the wording of Article 286a mean Saturday and Sunday which are consecutive upon the calendar, or does it mean Sunday and the following Saturday? Or does it mean both."

Article 286a, Section 1, provides in part as follows:

"Any person on both of the two (2) consecutive days of Saturday and Sunday, who...."

The term "consecutive" has been defined in the case of City of El Paso v. Fort Deerborn National Bank, 71 S.W. 799, 802 (Civ.App. 1903), as follows:

"While the term 'consecutive days' primarily means that many days directly following one another, it is also defined as meaning 'successive'."

Also the Federal Court of Appeals for the Fifth Circuit has defined the term in the case of Fulton v. United States,

250 Fed.2d 281, 282, where it quotes from the earlier case of Hiatt v. Ellis, Fifth Circuit, 1951, 192 Fed.2d 119, where Judge Hutcheson used the following language:

> "The word 'consecutive' used in the sentence, according to its primary definition, denotes 'following in a train, succeeding one another in a regular order' . . . ."

The statute uses the term "two (2) consecutive days of Saturday and Sunday." The fact that the statute used the words Saturday and Sunday means that they must follow each other. Had the Legislature not intended that they follow each other they would have used the term Saturday or Sunday. We therefore hold that Article 286a prohibits the sale of the listed items upon both the two (2) consecutive days of Saturday and Sunday, meaning Saturday and the Sunday next immediately following.

## S U M M A R Y

1.  Two stores operating under different names but owned by the same person are included within the prohibition of Article 286a, Vernon's Penal Code, and one such store cannot remain open on Saturday and the other open on Sunday and sell the items prohibited by the statute.

2.  Guns and ammunition are included in the definition of "hardware" and come within the prohibition of Article 286a, V.P.C.

3.  Articles enumerated in 286a, cannot be sold on both the two consecutive days of Saturday and Sunday meaning Saturday and the Sunday next immediately following that Saturday.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Norman V.Suarez
Norman V.Suarez
Assistant Attorney General

NVS:sh
Enclosure

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman
Morgan Nesbitt
Riley Fletcher
Frank Booth
Marietta Payne

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.